IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| WAYNE ALLEN DARROUGH, | : |
| Plaintiff, | : |
| VS. | : |
| | : 1 : 13-CV-57 (WLS) |
| WARDEN MARTY ALLEN, *et al.*, | : |
| Defendants. | : |

**ORDER AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on April 11, 2013. (Doc. 1). Presently pending in this action are Defendants' Motion to Dismiss, and Plaintiff's Motion to Amend and Motion for Appointment of Counsel. (Docs. 14, 15, 19).

**Background**

Plaintiff, who is incarcerated at Autry State Prison ("ASP"), alleges that Defendants denied Plaintiff his religious freedom. (Doc. 1). Specifically, Plaintiff states that it is against his religious beliefs to shave his neck hair from his larynx to his collar bone. Plaintiff alleges that Defendants threatened to place Plaintiff in lockdown if he did not shave, and on one occasion he was involuntarily shaved after it was ordered by Defendant Allen, the warden at ASP. Plaintiff has requested that he be allowed "to grow his garrote hair".

*Motion to Amend (Doc. 14)*

In his Motion to Amend, Plaintiff alleges that Shevondah Fields denied his grievance without a complete investigation, and alleges that previously named Defendants Allen, Singleton, and Jefferson were deliberately indifferent to Plaintiff's medical needs because he was housed in an upstairs cell that

was a quarter or a third of a mile from medical and dining facilities.[1]

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Plaintiff's Motion to Amend, filed June 4, 2013, is timely under Rule 15(a)(1)(B).  While the Motion to Amend was filed more than twenty-one (21) days after the Complaint and waivers of service were mailed to Defendants, Plaintiff filed his Motion to Amend prior to the filing of Defendants' responsive pleading, a Rule 12(b) Motion to Dismiss filed on June 24, 2013.  (*See* Docs. 1, 10-12, 15). The Court lacks the discretion to reject an amended complaint when the Plaintiff has the right to file an amended complaint as a matter of course.  *Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1292 n. 6 (11th Cir. 2007).  Accordingly, Plaintiff's Motion to Amend his Complaint is **GRANTED**.

*Section 1915A*

While Plaintiff's Motion to Amend is granted, the new claims remain subject to review and possible dismissal pursuant to 28 U.S.C. § 1915A(b).  Under 28 U.S.C. § 1915A(b), a federal court is required to dismiss a prisoner complaint that is: "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

---

[1] Plaintiff also stated that "Administrations (sic), Officers, and Staff" changed his housing assignment; however, Plaintiff has failed to identify any such individuals capable of being served.

To state a claim for relief, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim when it does not include enough facts to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). The pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.*

Plaintiff alleges that Defendant Fields denied Plaintiff's grievance without a complete investigation. (Doc. 14). "[A] prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." *Dunn v. Martin*, 178 Fed. Appx. 876, 878 (11th Cir. 2006). "[A]lleged misdeeds regarding grievance procedures do not give rise to stand-alone claims under §1983." *Blackerby v. McNeal*, 2008 WL 2047814, * 2 (S.D. Ga., May 13, 2008). Plaintiff does not have a right to engage in the prison grievance process, and cannot hold Defendant Fields liable for the denial of his grievance. Therefore, the undersigned finds that Plaintiff has failed to state a claim against Defendant Fields. *See Lee v. Georgia Dept. Of Corrections*, 2008 WL 655998, *3 (N.D. Ga. March 7, 2008) (dismissing a claim based solely on a denial of a grievance because it was insufficient to state a claim of relief under § 1983).

Plaintiff also arguably alleges that Defendants Allen, Singleton, and Jefferson were deliberately indifferent to Plaintiff's serious medical need because, despite his medical conditions, Plaintiff was housed in an upstairs cell that was a quarter to a third of a mile from the medical and dining facilities. (Doc. 14). Plaintiff's alleged medical conditions include degenerative disc disease and "hyper-extended

3

vertebrae", which require use of a cane and back brace.

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). In order to show that a prison official acted with deliberate indifference to a serious medical need, Plaintiff must prove that there is an "objectively serious medical need" and the "prison official acted with deliberate indifference to that need." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

To establish the objective element, Plaintiff must show that the medical need poses a substantial risk of serious harm if left unattended. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A serious medical need is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994). To establish the subjective element, Plaintiff must show that the prison official had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown*, 387 F.3d at 1351.

Plaintiff has failed to allege facts which show that Defendants Allen, Singleton, or Jefferson had subjective knowledge of Plaintiff's serious medical needs. Plaintiff alleges that he "identified [his medical] conditions to staff", but does not allege that he ever made Defendants Allen, Singleton, or Jefferson aware of his medical conditions. (Doc. 14, p. 2). As there are no allegations that these Defendants had knowledge of Plaintiff's alleged serious medical needs, the undersigned finds that Plaintiff has failed in his amended Complaint to state a claim of deliberate indifference against Defendants Allen, Singleton, or Jefferson. *See e.g. Woody v. Cronic*, 401 Fed. Appx. 509, 512 (11th

Cir. 2010) (affirming dismissal of deliberate indifference claim when the complaint did not allege that the defendant was aware of the serious medical condition).

Thus, the claim against Defendant Fields for denying Plaintiff's grievance, and the claims of deliberate indifference alleged against Defendants Allen, Singleton, and Jefferson fail to state a claim. Accordingly, it is the recommendation of the undersigned that the newly added claims in Plaintiff's Motion to Amend be **DISMISSED** without prejudice, and that Defendant Fields be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion to Dismiss (Doc. 15)*

Defendants Allen, Singleton, and Jefferson filed a Motion to Dismiss asserting that the First Amendment claim alleged in Plaintiff's initial Complaint should be dismissed for failure to state a claim. A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Twombly,* 550 U.S. at 545.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556, 570).

The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal*

5

*v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Thus,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are wellpleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

In the initial Complaint, Plaintiff alleges that his First Amendment right to freedom of religion was violated when Defendant Allen ordered Plaintiff to be shaved against Plaintiff's religious beliefs, and when Defendants Allen, Singleton, and Jefferson threatened to place Plaintiff in lockdown if he did not shave. (Doc. 1).

Prison rules that require inmates to shave and receive haircuts do not violate the inmate's right to free exercise of religion because such regulations are used to promote cleanliness and personal identification. *Brooks v. Wainwright*, 428 F.2d 652, 653 (5th Cir. 1970)[2]; *see Muhammad v. Sapp*, 494 Fed. Appx. 953, 956 (11th Cir. 2012) (the Eleventh Circuit has concluded that prison shaving regulations are enforceable under the compelling government interest/least restrictive means test); *Zook v. Tucker*, 2012 WL 2202925 (N.D. Fla., April 11, 2012) ("It is well-settled that prison rules which require that prisoners be clean shaven, without a beard, do not violate the Constitution."). As the Eleventh Circuit has found that prison shaving regulations do not violate the Constitution, Plaintiff's

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.

allegation that his rights were violated because he was required to be shaved fails to state a claim upon which relief can be granted.

To the extent that Plaintiff is alleging that his rights were violated when Defendants Allen, Singleton, and Jefferson threatened to place Plaintiff in lockdown if he did not shave his neck, this claim must also fail. "[D]erogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation." *Barley v. Jamison*, 2013 WL 802914, *2 (M.D. Ala., Feb. 6, 2013) (citing *Edwards v. Gilbert*, 867 F.3d 1271, 1274 n.1 (11th Cir. 1989)). Plaintiff does not allege that the threats were carried out, but simply alleges that threats were made against him. As such, Plaintiff has failed to state a claim for which relief can be granted against Defendants Allen, Singleton, or Jefferson as to the claim alleging that these Defendants threatened Plaintiff.

Additionally, "[a] claim must be dismissed as moot when effective relief cannot be granted because of later events." *Stansell v. Donald*, 2009 WL 1952579, *1 (N.D. Ga., July 1, 2009) (citing *Westmoreland v. National Transp. Safety Bd.*, 883 F.2d 1461, 1462 (11th Cir. 1987)). In his Complaint, Plaintiff seeks equitable relief in the form of being allowed to grow his "garrote hair." (Doc. 1, p. 5). Plaintiff has filed a Response to the pending Motion to Dismiss, wherein he states that "[s]ince Defendants Allen and Singleton have left the faculty (sic) the practice of shaving body hair and heads has ceased[.]" (Doc. 18, p. 1). Due to that fact that Plaintiff has been allowed to grow body hair since filing the initial Complaint, his request for injunctive relief is now moot. *See Stansell*, 2009 WL 1952579 at *1 (finding the plaintiff's request for hip surgery moot when the plaintiff received the desired hip surgery after he filed his complaint).

*Conclusion*

Plaintiff's initial Complaint, alleging a violation of Plaintiff's First Amendment rights, fails to state a claim upon which relief can be granted. Accordingly, it is the recommendation of the undersigned that Defendant Allen, Singleton, and Jefferson's Motion to Dismiss be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion for Appointment of Counsel (Doc. 19)*

On July 11, 2013, Plaintiff filed a Motion for Appointment of Counsel. Generally speaking, no right to counsel exists in § 1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *McCall v. Cook*, 495 Fed. Appx. 29, 31 (11th Cir. 2012); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by Plaintiff without the assistance of Court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by Plaintiff. The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED**.

**SO ORDERED AND RECOMMENDED**, this 17th day of October, 2013.

*s/ Thomas Q. Langstaff*
**UNITED STATES MAGISTRATE JUDGE**