**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| WAYNE ALLEN DARROUGH, | : | |
| Plaintiff, | : | Case No.: 1:13-CV-57 (WLS) |
| v. | : | |
| WARDEN MARTY ALLEN, *et. al.*, | : | |
| Defendants. | : | |

**ORDER**

Before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed October 17, 2013. (Doc. 21.) Plaintiff filed the above-captioned matter pursuant to 42 U.S.C. § 1983. Judge Langstaff recommends that Plaintiff's Complaint (Docs. 1, 14) be dismissed as against all defendants. (*See generally* Doc. 21.)

On October 31, 2013, Plaintiff timely filed his objections to Judge Langstaff's recommendation. (Doc. 22.) The Court will address each objection in turn. In Objection Nos. 1 and 2, Plaintiff states that his claim that he was shaved in violation of his constitutional rights was not mooted by the "ceasing" of the shaving "practice" because the violation is "capable of repetition [sic] and has been repeated." (*Id.* at 1.) Per Plaintiff, he "has once again been shaved below his larynx by order of staff member of the department of correction." (*Id.*) The Court finds, however, that these objections do not give the Court reason to reject Judge Langstaff's Recommendation. In his Recommendation, Judge Langstaff concluded that prison regulations that require a prisoner to shave or receive a haircut have been found not to violate the Constitution.

1

Thus, Judge Langstaff found that Plaintiff's claim that he was forced to shave or be shaved fails to state a claim upon which relief can be granted. Judge Langstaff did also note that Plaintiff's claim for injunctive relief was also mooted because Plaintiff stated that the shaving practice had ceased, but this was clearly stated as an additional finding to the failure to state a claim. Thus, the fact that Plaintiff has been shaved again in the interim does not change the critical finding that a prison's shaving regulations do not violate the Constitution. (*See* Doc. 21 at 6-7) (citing cases). Therefore, Objection Nos. 1-2, and Objections Nos. 3 and 6, which are also related to the shaving of Plaintiff's hair, are overruled.

In Objections No. 4-5, Plaintiff reiterates his claim that he was denied the right to participate in the grievance procedure and that the grievance procedure was violated. (Doc. 22 at 1.) Judge Langstaff recommended denying Plaintiff's claim that Defendant Fields denied Plaintiff's grievance without a complete investigation because denial of a grievance alone does not provide a basis for relief under section 1983. (Doc. 21 at 3.) The Court concurs in this conclusion and finds that Plaintiff has provided the Court with no basis for sustaining his objections. Accordingly, Objection Nos. 4-5 are overruled.

Finally, in Objection No. 7, Plaintiff states that he should be appointed counsel "to place him on an equal ground with Defendants who have been provided counsel." (Doc. 22 at 2.) Judge Langstaff denied Plaintiff's Motion for Appointment of Counsel (Doc. 19) on the grounds that there is only a right of counsel in a section 1983 action when "exceptional circumstances" warrant such an appointment. (Doc. 21 at 8.) Because the Court is adopting Judge Langstaff's dismissal recommendation, the issue of whether Plaintiff should be appointed counsel is mooted.

Therefore, upon full review and consideration upon the record, the Court finds

that said Recommendation of Dismissal (Doc. 21) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Therefore, Plaintiff's Complaint (Docs. 1, 14) is **DISMISSED** as against all defendants.

    **SO ORDERED**, this   25th   day of November 2013.

                                /s/ W. Louis Sands
                                **W. LOUIS SANDS, JUDGE**
                                **UNITED STATES DISTRICT COURT**