**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| WAYNE ALLEN DARROUGH, | : | |
| | : | |
| Plaintiff, | : | Case No.: 1:13-CV-57 (WLS) |
| | : | |
| v. | : | |
| | : | |
| WARDEN MARTY ALLEN, *et. al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

On November 25, 2013, the Court entered an order adopting United States Magistrate Judge Thomas Q. Langstaff's Recommendation that Plaintiff's Complaint (Docs. 1, 14) be dismissed against all defendants. (Doc. 25.) Judgment in favor of all defendants was entered on November 25, 2013. (Doc. 26.) Plaintiff, a prisoner at Autry State Prison, brought a Complaint in the above-styled action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his right to religion by denying him the right "to grow his garotte hair." Judge Langstaff concluded, with this Court concurring, that Plaintiff's claim was subject to dismissal because prison regulations that require a prisoner to shave or receive a haircut have been found not to violate the Constitution.

On March 26, 2014, Plaintiff filed a motion styled "Motion Requesting to Reconsider and Amend Complaint." (Doc. 27.) Therein, Plaintiff states that he is requesting that his "complaint be reconsidered and amended to include . . . Defendants, Warden Alan Carter, Cert Sargent [sic] Johnson and current staff at Autry State Prison

for continuing to violate the Plaintiff's rights under the First Amendment of the United States Constitution." (*Id.*)

The portion of Plaintiff's motion requesting reconsideration of the Court's November 25, 2015 Order dismissing his Complaint is denied on the grounds that it is untimely. As noted by the Eleventh Circuit in *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805-06 (11th Cir. 1993), relief granted from motions for reconsideration is within "the sound discretion of the district judge." The Court's Local Rules also address motions for reconsideration, and provide, in relevant part:

> **7.6   MOTIONS   FOR   RECONSIDERATION.**   Motions   for Reconsideration shall not be filed as a matter of routine practice. Whenever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the Clerk of court within **fourteen (14) days** after entry of the order or judgment.

M.D. Ga. Local R. 7.6. Plaintiff's motion, filed roughly one hundred and twenty days after Judgment was entered in favor of all defendants, is extremely untimely. The local rules state that any motions to reconsider need to be filed within fourteen days after entry of the order or judgment. Additionally, it is the longstanding practice of this Court to grant a motion for reconsideration only when the movant *timely* demonstrates that either: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). Plaintiff has failed to demonstrate the existence of any of these three factors. Therefore, Plaintiff's Motion for Reconsideration is **DENIED**.

In terms of Plaintiff's request to amend his Complaint, the Court finds that this request should be denied. At the outset, the Court notes that "a district court's discretion to dismiss a complaint without leave to amend is 'severely restrict[ed]' by Fed. R. Civ. P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'" *Thomas v. Town of* Davie, 847 F.2d 771, 773 (11th Cir. 1988). From this desire to give plaintiffs a chance to cure deficiencies before being dismissed with prejudice has developed the rule that "[w]here it appears a more carefully drafted complaint might state a claim upon which relief can be granted, . . . a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing it." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *abrogated on other grounds*, *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). This rule applies even "where the plaintiff does not seek leave until after the district court renders final judgment." *Thomas*, 847 F.2d at 773.

While Rule 15 does not apply "once the district court has dismissed the complaint and entered final judgment for the defendant," requiring a plaintiff, post-judgment, to seek "leave to amend under [Federal Civil Procedure] Rule 59(e) or Rule 60(b)(6)," *Jacobs v. Tempur–Pedic Int'l, Inc.*, 626 F.3d 1327, 1344–45 (11th Cir. 2010), Rule 15(a)'s lenient amendment standards would still govern the Court's analysis, *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981) (noting that because a judgment of dismissal had been entered at the time of the offered amendment, granting the motion would require the trial court to vacate the judgment; but nonetheless stating that "the disposition of the plaintiff's motion to vacate under rule 59(e) should be

governed by the same considerations controlling the exercise of discretion under rule 15(a)")[1]; *Thomas*, 847 F.2d at 773 (citing to *Dussouy* for the proposition that Rule 15(a)'s lenient amendment standards apply even when a plaintiff seeks to amend after a judgment of dismissal has been entered by asking the district court to vacate its order of dismissal pursuant to Fed. R. Civ. P. 59(e)). Therefore, although Plaintiff has not stated under which Federal Rule of Civil Procedure he is proceeding with his request to amend, because the Court already entered judgment, more than 28 days ago, the Court construes Plaintiff's request as a Rule 60(b) motion for relief from the Court's dismissal order.[2]

    "While a pro se litigant must generally be given an opportunity to amend his complaint, a district court need not allow any amendment where amendment would be futile." *Lee v. Alachua Cnty., Fl.*, 461 F. App'x 859, 860 (11th Cir. 2012) (additional citation omitted). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id.*

    Here, the initial complaint was dismissed because it is well settled that requiring a prison to shave does not violate his free-exercise rights under the First Amendment. (*See* Doc. 21 at 6) (citing cases). A review of Plaintiff's proposed amendment does not

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F. 2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] To be timely, a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of judgment. The Court lacks discretion to extend this deadline. Fed. R. Civ. P. 6(b) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).") Rule 60(b), however, states that the motion "must be made within a reasonable time." Therefore, the Court will treat Plaintiff's motion like a Rule 60(b) motion.

reflect that Plaintiff has included any additional allegations that would change the conclusion that he has not stated a valid free-exercise claim. In fact, the new allegations that Plaintiff includes in his request to amend are more deficient than the allegations found to be wanting in the initial complaint. Specifically, Plaintiff alleges that he is "being denied his religious rights to his beliefs," that he is "being harassed by Warden Alan Carter, [etc.] . . . because of his religious beliefs," and that "[Defendants] harassed and threatened [Plaintiff] by intimidation . . . because of Plaintiff's religious beliefs." (Doc. 27 ¶¶ 1, 2, and 3). Plaintiff fails to state how his religious rights are being denied and/or violated and fails to state the kinds of threats made against him. Such conclusory and vague allegations are not sufficient to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal citations omitted); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) (noting that when reviewing a complaint brought pursuant to section 1983, "more than mere conclusory notice pleading is required . . . a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory"). Additionally, as pleaded, Plaintiff's allegations still fail to state a claim. *See also Pete's Towing Co. v. City of Tampa, Fl.*, 648 F. Supp. 2d 1276, 1287 (M.D. Fla. 2009) ("[V]erbal threats and harassment are generally not actionable under § 1983. A threat constitutes an actionable constitutional violation only when the threat is so brutal or cruel as to shock the

conscience or if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers the deprivation of a constitutional right.") (citing *King v. Olmsted County*, 117 F.3d 1065, 1067 (8th Cir.1997))); *Cooler v. Escambia Cnty. Detention Facilities*, No. 3:07-cv-188, 2007 WL 3072418, at *7 (N.D. Fla. 2007) (collecting cases for the proposition that mere threats, harassment, and intimidation, without more, does not constitute a section 1983 claim). Stated simply, nothing in Plaintiff's proposed amendments indicate that he would be able to state a claim for relief under section 1983 if he were given a chance to amend his complaint. Accordingly, Plaintiff's Motion to Amend, which the Court has construed as a Rule 60(b) Motion for Relief from Judgment, is **DENIED**. Because the Court's prior order dismissing Plaintiff's Section 1983 Complaint still stands, and the Court has denied Plaintiff's Motion to Amend, Plaintiff's Motion for Appointment of Counsel (Doc. 28) is **DENIED AS MOOT**.


    **SO ORDERED**, this  3rd  day of April 2014.


                                    /s/ W. Louis Sands
                                    **THE HONORABLE W. LOUIS SANDS,**
                                    **UNITED STATES DISTRICT COURT**